IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LONTRELL WILLIAMS JR. (01)
LONTRELL WILLIAMS SR. (02)
RODNEY WRIGHT JR. (03)
DEMARCUS GLOVER (04)
DARRION MCDANIEL (05)
TERRANCE RODGERS (06)
KORDAE JOHNSON (07)
KEDARIUS WATERS (08)
DAMARIAN GIPSON (09)

**Criminal No. 3:26-MJ-328-BK**

## MOTION TO UNSEAL COMPLAINT

The United States respectfully moves this Court to unseal the criminal complaint in the above-captioned case and, in support thereof, states as follows:

### I. Background

On March 30, 2026, a criminal complaint was filed under seal charging nine defendants with a violation of 18 U.S.C. § 1201(a) and (c), that is, kidnapping and conspiracy to commit kidnapping. (Dkt. 1.) The complaint was sealed to protect the integrity of the ongoing investigation and to prevent flight by the defendants prior to their apprehension.

### II. The Grounds for Sealing No Longer Exist

The continued sealing of the complaint is no longer necessary or justified. Eight of the nine defendants charged in the complaint are now in custody: one currently in the

Motion to Unseal Page 1

Northern District of Texas, seven currently in the Western District of Tennessee, one . As to the ninth defendant, Terrance Rodgers, the government has made diligent efforts to locate and apprehend him, and it is the government's assessment that he is likely already aware of the existence of the charges and of law enforcement's interest in his apprehension. Continued sealing of the complaint thus serves no meaningful law enforcement purpose, as the primary objectives underlying the original sealing order— preventing flight and preserving the element of surprise necessary to effect safe arrests — have been substantially accomplished or are no longer achievable.

### III. The Presumption of Public Access Favors Unsealing

There exists a strong presumption of public access to judicial records rooted in both the common law and the First Amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 8–9 (1986). Criminal complaints are judicial records to which this presumption attaches. The Fifth Circuit has recognized that sealing orders in criminal cases must be narrowly tailored and that records should be unsealed when the justification for sealing has dissipated. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010).

Where, as here, the law enforcement interests that justified sealing have been largely fulfilled, the balance tips decisively in favor of public access. The public and the media have a substantial interest in monitoring the progress of criminal proceedings, particularly in cases of significant public concern. Continued sealing would impede that interest without any corresponding benefit to the administration of justice.

**Motion to Unseal Page 2**

**IV. Unsealing Will Not Prejudice the Remaining Defendant or the Government's Investigation**

Unsealing the complaint will not materially prejudice the government's ability to apprehend the ninth defendant. To the contrary, public disclosure may facilitate apprehension by enabling members of the public to provide information regarding the defendant's whereabouts. Moreover, the complaint contains only the allegations necessary to establish probable cause and does not disclose sensitive investigative techniques, confidential informant identities, or other information whose disclosure would compromise ongoing investigative efforts.

WHEREFORE, the United States respectfully requests that this Court enter an order unsealing the criminal complaint and all associated arrest warrants in the above-captioned matter.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

ROBERT WITHERS
Assistant United States Attorney
Texas Bar No. 24072758
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Robert.Withers@usdoj.gov

Motion to Unseal Page 3